[Civ. No. 20246.   Second Dist., Div. Two.   Oct. 8, 1954.]

JACK NEWMARK et al., Respondents, v. H AND H PROD-
UCTS MANUFACTURING COMPANY et al., Ap-
pellants.

Bridges & Peters for Appellants.

Goodman & Cogen and Benjamin & Kronick for Re-
spondents.

McCOMB, J.—From a judgment in favor of plaintiffs, on defendants' cross-complaint for fraud and conversion, defendants appeal.

*Facts*: On March 17, 1951, Artistic Beauty Products Company, hereinafter referred to as "Seller," entered into a written agreement with defendants, hereinafter referred to as "Buyer," whereby the Buyer agreed to purchase from the Seller certain machinery, fixtures, equipment and tools for the sum of $90,000. The Buyer also agreed to pay the Seller for certain leasehold improvements the sum of $25,000. A complete itemized inventory of all the personal property purchased by the Buyer from the Seller was attached to the agreement of sale at the time of the execution thereof. Defendant E. F. Henkle had examined and inspected the inventory and all the property described therein prior to his initialing each page of the inventory. The buyer was represented by an attorney in the ngotiations and execution of the agreement of sale and had read the agreement before it was signed.

On March 19, 1951, Seller, as lessor, entered into a lease with the Buyer, as lessee, for a portion of the building located at 300-312 North Avenue 21, Los Angeles, for a term commencing April 16, 1951, and ending May 31, 1953, at a rental of $950 per month. Prior to August 5, 1952, the Seller had assigned the aforementioned lease to plaintiffs in the present action.

On August 5, 1952, plaintiffs instituted the present action against the defendants for rent and other charges due under the lease. In this action defendants filed a cross-complaint against the Seller and plaintiffs herein asserting fraud by the Seller and its agents.

The agreement between the Buyer and Seller contained these material provisions:

"1. The Seller does hereby sell to the Buyer, and the Buyer does hereby purchase from the Seller, free and clear of all liabilities and encumbrances, except as specifically herein provided, the following:

"(a) Machinery, fixtures, equipment and small tools, as more particularly described in schedule to be attached hereto, marked 'Exhibit A,' and by reference made a part hereof. Each of the parties hereto shall initial each page of said inventory, indicating approval thereof;

"(b) Leasehold improvements now located on the main floor of premises at 308 North Avenue 21, Los Angeles, Cali-

fornia, and consisting generally of conduit, piping, wiring, ventilation, switches, partitions, switch boxes, and other such items attached to and a part of said realty.

"In reference to the items set forth in this provision, it is expressly understood and agreed that the Seller makes no representation or warranty as to the quality or quantity of the foregoing items, and they are being purchased by the Buyer upon its own examination and inspection and in an as-is condition." . . .

"4. Buyer acknowledges that it has examined and inspected the machinery, fixtures, equipment and small tools which Buyer is purchasing from the Seller, and knows the condition thereof; that it is purchasing all of said personal property upon its own inspection and examination and in an as-is condition."

In the cross-complaint it is alleged that the Buyers were induced to enter into the agreement of purchase and sale by the following false representations:

(a) "That said representations were that the five Wickman Swiss Type Automatic Screw Machines, which were included in the personal property so sold, would hold aircraft tolerances."

(b) "That said representations were that everything shown to said Cross-complainant when he was inspecting the personal property which he contemplated purchasing, and which he later did purchase, were either listed on the inventory or were too unimportant to be so listed, and were to go to said Cross-defendant if he should consummate said sale."

After defendants introduced in evidence the agreement of purchase and sale containing the provisions set forth above, plaintiffs objected to the introduction of any further evidence on the causes of action alleging fraud upon the ground that the alleged oral representations of the Sellers set forth above were inconsistent, contradictory and in direct contravention of the provisions of the agreement of purchase and sale which was then in evidence. The trial court sustained plaintiffs' objection to the introduction of such evidence.

*Question: Was the trial court's ruling correct?*

*Yes.* ▪ Parol evidence of fraud to established the invalidity of a written instrument induced by a promise made without any intention of performing it is only permissible in the case of a promise to do some additional act which was not covered by the terms of the contract and such evidence is not admissible in the case of a promise directly at variance

with the terms of the written instrument. (*Simmons* v. *California Institute of Technology*, 34 Cal.2d 264, 274 [9] [209 P.2d 581]; *Bank of America* v. *Pendergrass*, 4 Cal.2d 258, 263 [48 P.2d 659]; *Partanian* v. *Flodine*, 95 Cal. App.2d Supp. 931, 934 [213 P.2d 790]; *Cobbs* v. *Cobbs*, 53 Cal.App.2d 780, 784 et seq. [128 P.2d 373]; *W. R. Campbell Co.* v. *Sears, Roebuck & Co.*, 136 Cal.App. 765, 769 [5] [29 P.2d 910].)

■ The situation existing in the present case falls directly within the foregoing rule and the facts are analogous to those in the authorities heretofore cited. Defendants sought to introduce parol evidence pertaining to representations allegedly made by the Seller concerning the quality, condition and quantity of the personal property which they were purchasing. These representations were exactly contrary to and inconsistent with the express terms of the written contract the parties had entered into. Hence, such parol evidence was inadmissible and the trial judge properly excluded it.

Defendants' contention that "In our case the false representations were related to an existing condition and to the falsity of representations made by the seller, Newmark, which could not be established by an inspection of the machinery" is devoid of merit. The existing condition of the personal property was the very matter covered by the provisions of the written contract. The words "as-is" precede the word "condition." It was the condition, quality and quantity that the parties were contracting about. An agreement to purchase property in an "as-is" condition pertains not only to future but to existing conditions. Defendants were not relying on a full, complete, casual or partial inspection of the property. They were relying on the written agreement to buy the property in an "as-is" condition, and upon their own examination and inspection regardless of the nature or extent thereof.

■ There is likewise no merit in defendants' contention that they were entitled to prove by parol that they were entitled to items of property not included in the written contract or in the inventory attached thereto. Subparagraph (a) of paragraph 1 of the written agreement of purchase and sale specifically stated that the property sold is described in Exhibit A, a schedule thereof attached to the agreement. By paragraph 1 of the same written agreement defendants agreed that the Seller made no representations or warranties as to the *quantity* of the property except as shown on the inventory.

The following cases relied on by defendants are factually different from the present case and therefore are not controlling. In *Ferguson* v. *Koch,* 204 Cal. 342, 345 [268 P. 342, 58 A.L.R. 1176], the court says: "Here the contract, prepared and written by plaintiff, contained the assurance that the motor was in very good condition, and it further recited that the chassis was sold 'as is' for the reason that certain parts were missing." It thus appears that in such case only the chassis was sold "as is." The fraud charged concerned the model and capacity of the truck. The buyers were making no complaint regarding the chassis which was sold "as is." The representations claimed to be fraudulent concerning the model and capacity of the truck were not in conflict with the written agreement. Clearly this case has no application to the facts now before the court.

In *Morris* v. *Harbor Boat Building Co.,* 112 Cal.App.2d 882 [247 P.2d 589], plaintiff appealed from a judgment on the pleadings in an action to recover damages for fraud. It was held that a judgment on the pleadings is in effect a general demurrer to the complaint and if the complaint stated a cause of action, as it did in such case, the trial court should have denied the motion. No question of evidence was before the court in such case and obviously there was no ruling pertaining to the admissibility of parol evidence.

Likewise in *Lobdell* v. *Miller,* 114 Cal.App.2d 328 [250 P.2d 357], which was an action brought for rescission based upon fraud and misrepresentation concerning real property, parol evidence was neither discussed nor was it an issue in the case. The same statement applies to *American Soda Fountain Co.* v. *Martin,* 100 Cal.App. 43 [279 P. 680].

In view of our conclusions it is unnecessary to discuss other points urged by counsel.

Affirmed.

Moore, P. J., and Fox, J., concurred.