401 P.2d 740

Glenn DOWDLE, Appellant,

v.

Roy O. YOUNG and Myrtle D. Young,
his wife, Appellees.*

No. 2 CA–CIV 15.

Court of Appeals of Arizona.

May 10, 1965.

Rehearing Denied June 8, 1965.

Wilford R. Richardson, Safford, for appellant.

Gentry & McNulty, by Philip E. Toci, Bisbee, for appellees.

KRUCKER, Chief Judge

Action was instituted by appellant (plaintiff below) for breach of contract and fraud in connection with the sale of silage from the defendant, vendor.

The plaintiff, Glenn Dowdle, is a cattleman residing in Graham County, Arizona. In July 1959, the parties entered into a written agreement whereby plaintiff bought silage for feeding purposes from defendant Young. At the time of contracting, the silage already had been placed in a trench

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7389. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

silo. There was a warranty in the written contract that the pit contained not less than 2300 tons field weight of silage.

At some time in late 1959 or 1960, plaintiff suspected that there was not 2300 tons of silage in the pit. Suit was filed October 28, 1960, alleging a shortage of about 1200 tons.

At the conclusion of plaintiff's case, the trial court granted defendants' motion for a directed verdict, stating that plaintiff failed to plead and prove notice to the seller concerning the alleged breach of warranty. The trial court held that the pleadings did not state a cause of action and denied plaintiff's motion to amend his pleadings and reopen the case to prove notice. The court's reasoning was based on decisions from other States of this particular section of the Uniform Sales Act in question. Those decisions hold that the prerequisite of pleading and proving notice of breach of warranty is so definite as to preclude a recovery by a buyer when there is failure to do so. Rothenberg v. Shapiro (Sup.1913), 140 N.Y.S. 148; Sorensen v. S. A. Companhia, General Commercial De Santos, Santos, Brazil (Sup. 1920), 180 N.Y.S. 201; McMurray v. Vaughn's Seed Store (1927), 117 Ohio St. 236, 157 N.E. 567; Jan Ree Frocks, Inc. v. Pred (1942), 68 S.D. 356, 2 N.W.2d 696; Fairbanks, Morse & Co. v. Consolidated Fisheries Co. (D.C.1950), 94 F.Supp. 311; De Lucia v. Coca-Cola Bottling Co. of Connecticut (1952), 139 Conn. 65, 89 A.2d 749; W. S. Maxwell Co. v. Southern Oregon Gas Corporation (1937), 158 Or. 168, 74 P. 2d 594, 75 P.2d 9, 114 A.L.R. 697, 706.

Appellant sets forth six assignments of error. For purposes of this appeal, this Court deems it necessary to consider only the following two questions:

1. Did the court err in granting defendants' motion for a directed verdict?

2. Did the court err in striking two paragraphs of plaintiff's complaint?

We hold that the court erred in granting the defendants' motion for a directed verdict on the ground that plaintiff had failed

to plead and prove notice of breach of warranty.

The section of our statutes which requires notice of breach of warranty is A.R.S. § 44-249 (Uniform Sales Act § 49) :

" * * * But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

 It is well established that the giving of such notice within a reasonable time after the buyer knows or should have known of the breach is a prerequisite to the right of recovery. 46 Am.Jur. Sales § 257; Anno. 71 A.L.R. 1149.

The purpose of such notice is to allow the seller an opportunity to inspect and possibly cure any defect and to protect seller from belated claims.

The plaintiff did not plead notice in his complaint. This, the lower court decided, was fatal to his claim for relief. The court directed a verdict for the defendant and would not allow the plaintiff to amend or reopen his case to prove notice.

 In the recent case of Davidson v. Wee (1963), 93 Ariz. 191, 379 P.2d 744, our Supreme Court has made the cited cases of both appellant and appellee inapplicable to the question of notice in this case. In that case, as in the present case, defendants argued that the notice must be given prior to bringing suit because until the notice is given there is no cause of action. The complaints in the Davidson case and this case do not allege the giving of notice.

"The rule generally stated is that notice is a condition precedent to recovery and must be pleaded and proved." Anno. 71 A.L.R. 1150.

"The cases stating the rule are concerned with the timeliness and sufficiency of notice to assure that the seller was informed of the nature of the claim against him as required by the statute 'within a reasonable time.'

"However, if the complaint itself meets these requirements there is no need to give an additional parallel notice." Davidson v. Wee, supra.

The appellees argue that even if the filing of the complaint is notice, an unreasonable time had passed.

"Whether notice is reasonable is a matter to be resolved by the jury unless it appears that only one finding can legally be derived from the circumstances." Davidson v. Wee, supra.

The complaint was filed October 28, 1960. To determine whether only one finding can legally be derived from the circumstances, we must look to the transcript of testimony.

On direct examination of the plaintiff, Glenn Dowdle, the following question and answer appear:

"Q Mr. Dowdle, at what point in time did you decide definitely that there was not 2300 tons field weight of silage in the pit?

"A It was September, I believe, or October of '60. Over a year after. I —that is when I definitely established that it was not there."

On cross-examination, Dowdle admitted that he became suspicious that there was not 2300 tons within the pit in September of 1959. But he emphatically denied on more than one occasion during the cross-examination that he absolutely knew that there was not 2300 tons contained in the pit.

Because of conflicting evidence, and the fact that no more questions concerning when the plaintiff knew or ought to have known of the breach appear in the record, this Court cannot say that the complaint was not filed within a reasonable time as a matter of law. Therefore, the new trial, as granted, will allow the plaintiff to begin anew, and this question of notice will thereby be resolved.

We also hold that the court erred in striking from the second cause of action of the plaintiff's complaint the following two paragraphs:

"2. That prior to the making of the Lease and Sale Agreement referred to above, defendants represented to plaintiff that the silage pit, which was already completely filled, was 325 feet long by 25 feet wide by 14 feet deep, with end slopes comparable to the end slope at the West end of another silage pit located on the premises described in said Lease and Sale Agreement. That relying on the representations of defendants, plaintiff ascertained that the volume of the silage pit containing the silage purchased by plaintiff would be approximately 112,000 cubic feet, and that a pit of that volume would hold approximately 2,300 tons of silage. Plaintiff further alleges that, in fact, the said pit averages approximately 8 feet in depth, rather than 14 feet as represented to him by defendants, and that the sides of the pit converge so that it is less than 25 feet wide even at the depth of 8 feet. And plaintiff further alleges that the actual volume of said pit is approximately 56,200 cubic feet and that the said pit contained not more than 1,100 tons of silage at the time defendants represented to plaintiff that the said pit contained 2,300 tons of silage."

"4. That at the time the said misrepresentations of the defendants were made to plaintiff, the aforesaid silage pit was filled and it was therefore impossible for plaintiff to ascertain of his own knowledge the actual volume of the said pit; that plaintiff therefore was ignorant of the actual measurements and volume of the said pit and was entitled to rely upon the representations of defendants as to the said measurements and volume; and that plaintiff did rely thereon."

Defendants argue that where a written contract contains warranties, antecedent representations in the nature of warranties, unconnected with the agreement itself, are not admissible under the parole evidence rule.

This Court cannot agree with this contention. The alleged oral representations were not warranties but were alleged statements which could have induced plaintiff to believe that there was 2300 tons of silage in the pit.

■■ We approve the view asserted in many decisions and implied in other that parol evidence is admissible to prove fraud. This is not in conflict with the well-known parol evidence rule which renders parol or extrinsic evidence inadmissible to contradict or vary the terms of a written contract. The latter rule does not apply where the issue is whether the contract was procured by fraud. The fact that a contract is in writing does not preclude the introduction of evidence to show that a material stipulation therein was founded on the misrepresentations and fraud of one of the parties, * * *. See 24 Am.Jur. Fraud and Deceit § 267, and cases cited therein.

■ This Court holds it to be error for the trial court to have struck these allegations, thus precluding the plaintiff from putting into evidence oral testimony concerning the alleged fraud pertaining to statements of the size of the pit.

"Parol evidence is always admissible to show fraud, even though it has the effect of varying the terms of a writing between the parties." Lufty v. R. D. Roper & Sons Motor Co. (1941), 57 Ariz. 495, 115 P.2d 161; Pioneer Constructors v. Symes (1954), 77 Ariz. 107, 267 P.2d 740, 41 A.L.R.2d 668; Lusk Corporation v. Burgess (1958), 85 Ariz. 90, 332 P.2d 493; Bohmfalk v. Vaughan (1960), 89 Ariz. 33, 357 P.2d 617.

The judgment is reversed and the case remanded for a new trial.

HATHAWAY and MOLLOY, JJ., concur.