414 P.2d 442

John L. APOLITO and Alice M. Apolito, husband and wife, and Howard E. Drensek and Dolores A. Drensek, husband and wife, Appellants,

v.

Florence JOHNSON and Lee Johnson, wife and husband, Appellees.

I CA–CIV 288.

Court of Appeals of Arizona.

May 26, 1966.

Review Denied July 5, 1966.

---

Stockton & Hing, by A. Henderson Stockton, Phoenix, for appellants.

Moore & Moore, by Robert C. Moore, Phoenix, for appellees.

HATHAWAY, Judge.

Appellants have moved this court for a rehearing of our affirmance of the trial court's judgment entered in favor of appellees after granting the latter's motion for a directed verdict. They urge us to reconsider our holding that the case was properly withdrawn from the jury's consideration claiming the appellants' evidence, if believed by the jury, would justify equitable relief by way of rescission or reformation.

Appellants contend that our decision was erroneous in that we treated their claim as a fraud action when in fact their theory of recovery was mistake on their part caused by the fraud and inequitable conduct of the appellees. It is true that certain statements contained in our opinion [1] would engender this belief and to clarify the situation we deemed it advisable to issue this supplemental opinion.

We indicated in our original opinion that proof of the nine elements of fraud are essential to establish a prima facie case for submission to a jury's consideration. While this may be a correct statement of the law in an action for damages for fraud and deceit, the "nine elements of fraud" principle was not applicable in this equitable action for rescission. See Miller v. Boeger, 1 Ariz.App. 554, 405 P.2d 573 (1965). We therefore modify our opinion in this respect. The representations attributed to appellees, however, were not as to a past or presently existing fact, an indispensable element in an action for rescission based on fraud. Han v. Horwitz, 2 Ariz.App. 245, 407 P.2d 786, 789 (1965).

Apart from the foregoing reason, appellants' case was doomed to failure as the alleged misrepresentations were contradictory to the provisions of the written contract. In order to form a basis for rescission, the misrepresentations must be as to some collateral matter and not mere contradictions of the provisions of the contract expressed in clear, unambiguous language. Newmark v. H. & H. Products Mfg. Co., 128 Cal.App.2d 35, 274 P.2d 702, 703 (1954). Mrs. Johnson's purported representations that appellants would not have to make any more payments and/or that the total purchase price was not as stated in the escrow instructions were contrary to and inconsistent with the express terms of the written contract executed by the parties. Evidence of such statements which are squarely against the terms of the writing cannot be received or counted upon to support a finding of fraud, for to allow otherwise would do violence to the parol evidence rule. Shy-

1. Apolito v. Johnson, 3 Ariz.App. 232, 413 P.2d 291, filed April 14, 1966.

vers v. Mitchell, 133 Cal.App.2d 569, 284 P.2d 826, 830 (1955).

■ Where, as here, a formal document is executed which is unambiguous as to the purchasers' obligations of performance, the purchasers are precluded from showing a prior or contemporaneous oral agreement that they would never actually be required to perform such obligations. See Bank of America Nat. T. & S. Ass'n v. Lamb Finance Co., 145 Cal.App.2d 702, 303 P.2d 86, 95 (1956). If appellants were permitted to recover judgment against appellees on the basis of Mrs. Johnson's statements, we would be required to hold that such judgment was without evidentiary support. Shyvers v. Mitchell, supra.

The sanctity of written contracts, defining the rights and duties of the contracting parties, would become meaningless if one of the parties, who is competent to contract and is fully cognizant of the contract provisions, is allowed to avoid the contract by saying "Oh, but our agreement was otherwise." This is not the type of mistake for which redress is afforded by way of rescission.

Other than as herein modified, we affirm our prior decision and deny the motion for rehearing.

KRUCKER, C. J., and MOLLOY, J., concur.