■ ROBERT WARSHAW, Respondent, v. LAURA HASSID, Appellant.— In an action by a vendee for specific performance of a contract of sale of real property, in which defendant counterclaimed for rescission based on fraud, defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 2, 1972 after a nonjury trial, in favor of plaintiff. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. It was reversible error on the part of the trial court to sustain plaintiff's objection to defendant's attempted cross-examination of plaintiff and to reject the proof summarized in defendant's offer of proof. The parol evidence rule has no application in a suit brought to rescind a contract on the ground of fraud (*Barash* v. *Pennsylvania Term. Real Estate Corp.*, 26 N Y 2d 77; *Sabo* v. *Delman*, 3 N Y 2d 155; *Adams* v. *Gillig*, 199 N. Y. 314; 4 Williston, Contracts [3d ed.], § 631, pp. 948-949). This principle is of course likewise applicable where the rescission based on fraud is sought in a counterclaim. In addition, parol evidence is admissible to prove the existence of a condition precedent to the legal effectiveness of a contract (*Hicks* v. *Bush*, 10 N Y 2d 488, 491; *Cuddy* v. *Universal Cons. Ind.*, 38 A D 2d 971; *Hoagland, Allum & Co.* v. *Allan-Norman Holding Corp.*, 228 App. Div. 133, 135). In the present case, defendant sought to introduce testimony that as a means of inducing her to enter into the contract plaintiff had orally promised that the contract would not take effect if defendant would be unable to obtain the co-operative apartment she was then seeking. The trial court improperly excluded this testimony since, in our view, such testimony tends to establish the existence of a condition precedent to the legal effectiveness of the contract of sale. Rabin, P. J., Hopkins, Martucsello, Latham and Shapiro, JJ., concur.

■ In the Matter of LEON J. DAVIS, as President of Local 1199 Drug and Hospital Union, AFL-CIO, Petitioner, v. ADELPHI HOSPITAL et al., Respondents.— Motion by petitioner to punish respondents for contempt of court for their failure to comply with the order of this court, dated October 11, 1972; to imprison the individual respondents until they shall have caused the respondent hospital to comply with said order; to compel respondents to pay the entire amount due under the said order; and to appoint a receiver to handle and administer the affairs of the hospital until full compliance with said order. Motion granted to the extent of finding respondents to be in contempt for their failure to comply with said order, with leave to respondents to purge themselves of said contempt by paying the $7,500 due about January 5, 1973 within 15 days after service of a copy of the order to be made hereon, with notice of entry. In all other respects, motion denied. Cross application by respondents to modify said order of this court dated October 11, 1972, granted to the extent of reducing the monthly payments provided for therein from $7,500 a month to $3,750 a month, as to all future payments beginning about February 5, 1973. Hopkins, Acting P. J., Munder, Martuscello, Latham and Christ, JJ., concur.