606 P.2d 30

**SUN LODGE, INC., an Arizona Corporation, Appellant,**

v.

**RAMADA DEVELOPMENT COMPANY, a Delaware Corporation, Appellee.**

**No. 2 CA–CIV 2799.**

Court of Appeals of Arizona, Division 2.

Dec. 20, 1979.

Rehearing Denied Jan. 23, 1980.

Review Denied Feb. 13, 1980.

Davis, Talmadge & Gugino by Barry M. Davis, Tucson, for appellant.

Gentry, McNulty & Desens by Stephen M. Desens, Bisbee, for appellee.

## OPINION

RICHMOND, Chief Judge.

Sun Lodge, Inc., appeals from an order denying its motion for new trial while granting a similar motion filed by Ramada Development Company. The effect of the order was to leave standing a jury verdict for $36,000 in favor of Sun Lodge on its counterclaim and afford Ramada a new trial on its complaint. Sun Lodge does not challenge the latter ruling, but contends it was error to exclude evidence of fraud in inducement of the contract between the parties, which denied it an election to submit its counterclaim to the jury on a fraud theory rather than breach of contract and removed the possibility of an award of punitive damages. It also attacks the denial of its motion to amend to allege consumer fraud as an alternative theory.[1]

The alleged misrepresentations pertained to the delivery date of motel furnishings and equipment, the existence of warehouses in the Phoenix area that would facilitate timely delivery in Sierra Vista, and the furniture that would be delivered. Sun Lodge's witnesses testified that a pro-

---

1. The record does not reflect any ruling on the motion to amend but jury instructions based on the proposed amendment were refused.

posed November opening date was discussed with Ramada representatives in negotiations beginning in June, 1973, and that they were assured delivery could be made by November 1, 1973, from Ramada warehouses in Phoenix. The parties entered into a written agreement on October 2, 1973, which provided among its general conditions:

> The date or dates for delivery or installation of merchandise shall be designated in writing by Buyer [Sun Lodge] at the time this Agreement is executed by Buyer. A minimum of ninety (90) days must be allowed for processing and delivery unless otherwise agreed to in writing by Seller [Ramada].

The agreement was executed on behalf of Sun Lodge by its president, Rex Bishop, whose experience included 10 years as manager of his own real estate investment company, which had operated a motel in Seattle for several years, constructed homes and commercial buildings, and sold commercial properties, including motels. He also had been part owner of a motel in Illinois. He testified that he had read the specific condition regarding delivery before signing the agreement and was aware that no delivery date was designated in writing. The court properly excluded from the jury's consideration any evidence of promises or representations regarding a November 1 delivery date. Evidence of statements which are squarely against the terms of the written agreement are inadmissible under the parol evidence rule. *Apolito v. Johnson*, 3 Ariz. App. 358, 414 P.2d 442 (1966). Cases cited by Sun Lodge for the rule that parol evidence is admissible to show that a written contract was entered into in reliance on fraudulent representations are inapposite on their facts. In each of those cases the alleged misrepresentation did not contradict the terms of the writing. *See Lutfy v. R. D. Roper & Sons Motor Co.*, 57 Ariz. 495, 115 P.2d 161 (1941); *Jamison v. Southern States Life Insurance Co.*, 3 Ariz.App. 131, 412 P.2d 306 (1966); *Barnes v. Lopez*, 25 Ariz.App. 477, 544 P.2d 694 (1976).

Inasmuch as evidence of promises or representations regarding a November 1 delivery date were properly excluded, any alleged representation that Ramada had Phoenix warehouses from which delivery could be made by that date was immaterial and would not support a recovery for fraud.

■ A different question is presented by the alleged representations regarding the furnishings. During negotiations Bishop was shown presentation boards with artist's renderings and photographs of interior decor and various furniture groupings. He testified he was told he would receive the furnishings shown in the pictures but that in some cases inferior products manufactured by a Ramada subsidiary were delivered. The schedule of furnishings attached to the contract did not designate brand names. A salesman who had worked for Ramada during 1973 testified that he had been instructed to keep similar contracts as general as possible, and on several occasions to substitute furniture manufactured by the subsidiary because it needed the business. From that testimony the jury might have inferred that Ramada had no present intention of supplying the furnishings shown on the presentation boards. Unfulfilled promises may form the basis for actionable fraud where made with the present intention not to perform, *Law v. Sidney*, 47 Ariz. 1, 5, 53 P.2d 64 (1936), and the parol evidence rule does not apply to an alleged misrepresentation that does not contradict the terms of the written agreement it induces. *Barnes v. Lopez*, supra.

■ Nevertheless, we reject Sun Lodge's contention that the trial court's ruling deprived it of an election between fraud and breach of contract. By submitting to the jury its counterclaim for damages on the latter theory, it manifested an intention to affirm the contract which precluded recovery for fraud in its inducement. *See Edward Greenband Enterprises of Arizona v. Pepper*, 112 Ariz. 115, 538 P.2d 389 (1975). As Sun Lodge argued in opposing Ramada's motion for new trial on the counterclaim based on excessiveness of the verdict, the $36,000 represented not only damages for the difference in value of the furnishings actually received and those contracted for but out-of-pocket expenses and damages to Sun Lodge's reputation and good will re-

sulting from Ramada's failure to deliver within the 90 days specified in the contract.

The foregoing also disposes of Sun Lodge's contention regarding the court's failure to permit an amendment to allege an alternative claim for consumer fraud. Though conceivably the rules governing common law fraud do not apply to a claim under the Consumer Fraud Act, *see Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 521 P.2d 1119 (1974), and special concurring opinion of Howard, J., in *Peery v. Hansen,* 120 Ariz. 266, 585 P.2d 574 (App. 1978), no such distinction was advanced in Sun Lodge's motion for new trial. The scope of appeal from an order denying a motion for new trial may not be enlarged beyond the matters assigned as errors in the motion. *Van Dusen v. Registrar of Contractors,* 12 Ariz.App. 518, 472 P.2d 487 (1970).

The order denying the motion for new trial on the counterclaim is affirmed.

HOWARD and HATHAWAY, JJ., concurring.