631 P.2d 540

**PINNACLE PEAK DEVELOPERS, a joint venture; Amtitle Trust Co., an Arizona corporation, as Trustee of Trust 6177; Nichimen Co., a New York Corporation; Toyo Real Estate Company, U. S. A., Inc., a California Corporation; Jerry Nelson and Florence E. Nelson, husband and wife, Plaintiffs-Appellees,**

v.

**TRW INVESTMENT CORPORATION, an Arizona Corporation, Defendant-Counterclaimant-Appellant.**

No. 1 CA–CIV 4577.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 28, 1980.

Review Denied Nov. 18, 1980.

Snell & Wilmer by George H. Lyons, Phoenix, for plaintiffs-appellees.

Behrens, MacLean & Jacques, Ltd. by William F. Behrens, Phoenix, for defendant-counterclaimant-appellant.

## SUPPLEMENTAL OPINION ON REHEARING

O'CONNOR, Judge.

Appellees' motion for rehearing of the unpublished Memorandum Decision filed in this case on June 3, 1980, has been granted. Because of the confusion which exists in the judicial opinions in this state and elsewhere on the question of application of the parol evidence rule to allegations of promissory fraud when it contradicts or varies the terms of the written agreement of the parties, we have decided to expand and modify in part our previous decision.

This appeal is from a partial summary judgment quieting title to a 131 acre parcel of real property in appellees, and awarding attorneys' fees to appellees. The trial court determined that appellant's option to purchase the land had expired. Appellant alleges there was evidence before the trial court that the appellees prevented appellant from complying with the terms of the option, and that appellees fraudulently induced appellant's delay in performance, thereby excusing a delay in appellant's performance.

In January, 1976, one of the appellees, Pinnacle Peak Developers, sold forty acres of land to appellant for a residential subdivision development. At the same time, appellee, Pinnacle Peak Developers, entered into a written option agreement with appellant, TRW Investment Corporation, in which appellant was granted an option to purchase approximately 131 additional acres of land in three stages and on certain express terms and conditions. The first stage of the option was to expire June 15, 1977, and could be exercised by appellant "if, and only if, [appellant] has installed the off-site improvements required by Section XXXIII of [the] Trust Agreement ... on not less than fifty percent [of the forty acre par-

cel]." Failure to exercise the first stage of the option was to terminate the balance of appellant's option rights. The off-site improvements to be provided by appellant included electrical and telephone lines, marking of boundaries of the lots, grading, roads, and a water distribution system. Appellant did not complete the required off-site improvements until July 15, 1977, some thirty days after the deadline in the option agreement.

Appellant attempted to exercise the first stage of the option. Appellees refused to allow it on the grounds that the option had expired without completion of the required improvements. After the refusal, appellant recorded the option agreement in the office of the Maricopa County recorder. Appellees then filed suit against appellant, alleging in Count I of the complaint a cause of action for slander of title and interference with business relations, and in Count II a cause of action to quiet title to the property covered by the option. Appellant answered and counterclaimed for specific performance of the option and for damages for fraud in the inducement.

After various motions made in the trial court, the court granted partial summary judgment to appellees by quieting title to the property covered by the option in Pinnacle Peak Developers and awarding attorneys' fees of $19,595.25 for the quiet title claim.

■ A motion for summary judgment should be granted only where the pleadings, depositions, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact. *Northen v. Elledge*, 72 Ariz. 166, 232 P.2d 111 (1951). As stated in *Dutch Inns of America, Inc. v. Horizon Corp.*, 18 Ariz.App. 116, 118–19, 500 P.2d 901, 903–04 (1972):

> [T]here are two prerequisites that must be met before entry of summary judgment is appropriate: (1) The record before the court must show that there is no genuine dispute as to any material fact and that only one inference can be drawn from those undisputed material facts;

and (2) that based on the undisputed material facts the moving party is entitled to judgment as a matter of law. [Citation omitted]

In reviewing the granting of a motion for summary judgment, we must view the evidence in the light most favorable to the party opposing the motion, and the motion should be denied if there are any material issues of fact to be litigated.

Appellant contends that summary judgment was not proper because there was an issue of material fact as to its affirmative defense of fraudulent inducement. Specifically, appellant alleged that appellees falsely and fraudulently stated to appellant in December, 1975, prior to execution of the option agreement, that the deadline of June 15, 1977, for completion of the off-site improvements "would not present a problem as long as TRW made reasonable progress." Appellant alleged that the representation was false when it was made, and that in reliance upon the representation, it decided to enter into the purchase of the forty acres and the option agreement, and that the agreements would not have been made but for the representation.

■■■ Arizona courts require strict compliance by the holder of an option with the terms of the option. *Oberan v. Western Machinery Co.*, 65 Ariz. 103, 174 P.2d 745 (1946); *University Realty & Development Co. v. Omid-Gaf, Inc.*, 19 Ariz.App. 488, 508 P.2d 747 (1973). The requirements of completion of the off-site improvements and exercise of the option by June 15, 1977, are clear and unambiguous. The express terms and conditions precedent of a contract will be enforced by the courts regardless of the harshness or severity of the result. *Arizona Land Title & Trust Co. v. Safeway Stores, Inc.*, 6 Ariz.App. 52, 429 P.2d 686 (1967); 5 *Williston on Contracts* § 669, at 154 (3d ed. 1961 & Supp. 1979).

Appellees argue that evidence of the alleged oral representation made prior to execution of the option agreement would be barred by the parol evidence rule, citing *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 562 P.2d 360 (1977); *Sun Lodge, Inc. v.*

*Ramada Development Co.*, 124 Ariz. 540, 606 P.2d 30 (App. 1979); *7-G Ranching Co. v. Stites*, 4 Ariz.App. 228, 419 P.2d 358 (1966); and *Apolito v. Johnson*, 3 Ariz.App. 358, 414 P.2d 442 (1966). Appellant cites authorities for the proposition that parol evidence is admissible to show fraud in the inducement even though it has the effect of varying the terms of the written agreement of the parties. *See Lusk Corp. v. Burgess*, 85 Ariz. 90, 332 P.2d 493 (1958); *Lutfy v. R.D. Roper & Sons Motor Co.*, 57 Ariz. 495, 115 P.2d 161 (1941); *Dowdle v. Young*, 1 Ariz.App. 255, 401 P.2d 740 (1965).

The appellant urges the admissibility of evidence of an oral promissory representation by appellee, which was made prior to the execution of the written option agreement and which is contrary to an express provision of the written agreement. Appellant offers the evidence and alleges that appellee's promissory representation was false when made, was made with an intention not to honor it, and that appellant relied upon it. Appellant seeks to use the allegation of fraud in the inducement as a defense to appellee's quiet title claim. Appellant does not seek to void the option agreement; it seeks to enforce it, and to excuse appellant's failure to fulfill an express condition of the written option agreement.

■ A promise, when made with a present intention not to perform it, is a misrepresentation which can give rise to an action of fraud. *Restatement of Contracts* § 473 (1932); *Restatement of Torts* § 530 (1938). As stated in *Waddell v. White*, 56 Ariz. 420, 428, 108 P.2d 565, 569 (1940):

Representations which give rise to an action of fraud must, of course, be of matters of fact which exist in the present, and not merely an agreement or promise to do something in the future, or an expression of opinion or judgment as to something which has happened or is expected to happen. To this there is one exception, that when a promise to perform a future act is made with the present intention on the part of the promisor that he will not perform it, it is

such a representation as will give rise to an action of fraud. *Law v. Sidney,* 47 Ariz. 1, 53 P.2d 64.

*See also Jamison v. Southern States Life Insurance Co.,* 3 Ariz.App. 131, 412 P.2d 306 (1966); James and Gray, *Misrepresentation* (pt. II), 37 Md.Law Rev. 488 (1978).

██ A good statement of the parol evidence rule is found in Childres and Spitz, *Status in the Law of Contract,* 47 N.Y.U.L. Rev. 1, at 6–7 (1972):

The parol evidence rule, as traditionally stated, renders inadmissible any evidence of prior or contemporaneous oral understandings and of prior written understandings, which would contradict, vary or add to a written contract which was intended as the final and complete statement or integration of the parties' agreement. There are three situations in which it is said that the above rule does not apply and parol evidence is admissible: (1) to show that no contract was in fact made (*e.g.,* because of non-delivery or conditional delivery), or that the contract is voidable for fraud, mistake, duress, undue influence, incapacity or illegality; (2) to demonstrate that the parties intended the writing to be only a partial integration of their agreement, thereby permitting the existence of non-contradictory collateral agreements to be proved; and (3) to assist in the interpretation of the contract, or to prove the usages and customs in relation to which the parties contracted, thus allowing the addition of consistent terms of performance or the definition of words used in the contract.

A summary of the problem raised in a case such as this one is succinctly stated in James and Gray, *Misrepresentation* (pt. II), 37 Md.Law Rev. 488, at 507–08 (1978):

Although the notion of promissory fraud is well recognized, it may seriously collide with the policies underlying certain prophylactic legal rules like the Statute of Frauds and the parol evidence rule. Both these rules are designed to prevent fraudulent claims (or defenses) through excluding a type of evidence (*viz.,* evidence of oral agreement) which is too easy to fabricate and too hard to meet. It could go without saying that these rules are not meant to shield fraud, but they may well have just that effect if they prevent a party from showing that he has been deceived by an oral promise, made to induce reliance and action but without the slightest intention of keeping it. Many courts allow oral proof of fraud in such a case and this seems sound because the affirmative burden of proving fraud (*i.e.,* present intent not to keep the promise when it was made, or even the absence of an intent to keep it) would seem to be a substantial safeguard against trumped-up contracts. Moreover, the safeguard is enhanced by the prevailing procedural rules requiring clear and convincing evidence of fraud and holding that the mere nonperformance of a contract does not warrant an inference of the requisite fraudulent intent. [footnotes omitted].

The cases from other states are split widely on whether to permit parol evidence which contradicts a writing when fraud in the inducement is alleged. A number of courts appear to follow the *Restatement of Contracts* § 238 (1932),[1] and allow evidence

---

**1.** The tentative draft of the *Restatement (Second) of Contracts* also appears to allow parol evidence of contradictory prior representations to establish fraud, or as grounds for granting or denying reformation, specific performance or other remedies:

Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish
(a) that the writing is or is not an integrated agreement;

(b) that the integrated agreement, if any, is completely or partially integrated;
(c) the meaning of the writing, whether or not integrated;
(d) illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause;
(e) ground for granting or denying rescission, reformation, specific performance, or other remedy.

*Restatement (Second) of Contracts* § 240 (Tent. Draft Nos. 1–7, 1973).

of promissory fraud, notwithstanding the parol evidence rule. *See, e.g., Ott v. Midland-Ross Corp.,* 600 F.2d 24, 28 n.4 (6th Cir. 1979); *United States v. 1,557.28 Acres of Land in Osage County, Kansas,* 486 F.2d 445 (10th Cir. 1973); *Pena v. Tampa Federal Savings and Loan Ass'n,* 363 So.2d 815 (Fla.App. 1978); *Shanahan v. Schindler,* 63 Ill.App.3d 82, 20 Ill.Dec. 239, 379 N.E.2d 1307 (1978); *NAG Enterprises, Inc. v. All State Industries, Inc.,* 407 Mich. 407, 285 N.W.2d 770 (1979); *Watkins v. Lorenz,* 264 Minn. 471, 119 N.W.2d 482 (1963); *Dodds v. Gibson Products Co. of W. Montana,* 593 P.2d 1022 (Mont. 1979); *Warshaw v. Hassid,* 41 A.D.2d 652, 340 N.Y.S.2d 666 (1973); *Marshall v. Keaveny,* 38 N.C.App. 644, 248 S.E.2d 750 (1978); *National Building Leasing, Inc. v. Byler,* 252 Pa.Super. 370, 381 A.2d 963 (1977); *Empire & Associates, Inc. v. Texas Contractors Rentals, Sales & Supplies, Inc.,* 567 S.W.2d 578, ref. n.r.e. (Tex. Civ.App. 1978); *Negyessy v. Strong,* 136 Vt. 193, 388 A.2d 383 (1978); and *George Robberecht Seafood, Inc. v. Maitland Bros. Co.,* 220 Va. 109, 255 S.E.2d 682 (Va. 1979).

Other courts exclude evidence of promissory fraud which contradicts the terms of the written agreement on the basis of the parol evidence rule. *See, e.g., Bank of America National Trust & Savings Ass'n v. Pendergrass,* 4 Cal.2d 258, 48 P.2d 659 (1935); *Regus v. Gladstone Holmes, Inc.,* 207 Cal.App.2d 872, 25 Cal.Rptr. 25 (1962); *Greenwald v. Food Fair Stores Corp.,* 100 So.2d 200 (Fla., 1958); *Simmons v. Wooten,* 241 Ga. 518, 246 S.E.2d 639 (1978); *Jack Richards Aircraft Sales, Inc. v. Vaughn,* 203 Kan. 967, 457 P.2d 691 (1969); *Loughery v. Central Trust Co.,* 258 Mass. 172, 154 N.E. 583 (1927); *Dahmes v. Industrial Credit Co.,* 261 Minn. 26, 110 N.W.2d 484 (1961); *Hoff v. Peninsula Drainage Dist. # 2,* 172 Or. 630, 143 P.2d 471 (1943); *Kilgore v. Hix,* 205 Tenn. 564, 327 S.W.2d 474 (1959); and *Beers v. Atlas Assur. Co.,* 215 Wis. 165, 253 N.W. 584 (1934).

The debate involves the question: is the public better served by giving effect to the parties' entire agreement written and oral, even at the risk of injustice caused by the possibility of perjury . . . , or does the security of transactions require that, despite occasional injustices, persons adopting a formal writing be required, on the penalty of voidness of their oral and written side agreements, to put their entire agreement in the formal writing?

Calamari and Perillo, *A Plea For a Uniform Parol Evidence Rule and Principles of Contract Interpretation,* 42 Indiana L.J. 333, 341 (1967). *See also* 3 *Corbin on Contracts* § 575 (1960); 4 *Williston on Contracts* § 633 (3d ed. 1961); C. McCormick, *Handbook of the Law of Evidence,* §§ 210–16 (1954).

The reported decisions in Arizona involving the admission of evidence which contradicts or varies a subsequent written agreement illustrate the confusion which exists elsewhere in dealing with this question. Four cases have allowed evidence of prior or contemporaneous oral representations which were at variance with a written agreement in support of a claim for damages for fraud in the inducement. In *Lusk Corp. v. Burgess,* 85 Ariz. 90, 332 P.2d 493 (1958), the plaintiff entered a written agreement with defendant to buy a house and lot. The agreement contained a provision that it covered all the agreements, expressed or implied, between the parties. Prior to execution of the agreement, the defendant had orally promised plaintiffs that the adjacent lot would be used for a certain specified use and type of construction and design. The trial court found that the promise was false when made and had been reasonably relied upon by plaintiffs to their injury. The plaintiffs recovered damages for fraud in the inducement. The Arizona Supreme Court held:

> [T]he law has long been settled that whereas evidence of prior or contemporaneous oral agreements and negotiations is

Except as stated in the preceding section, where there is a binding agreement, either completely or partially integrated, evidence of prior or contemporaneous agreement or

> negotiations is not admissible in evidence to contradict a term of the writing.

*Restatement (Second) of Contracts* § 241 (Tent. Draft Nos. 1–7, 1973).

inadmissible, to vary terms of a written contract, nevertheless parol evidence is admissible to show fraud in the inducement of said contract.

*Id.* at 93, 332 P.2d at 495.

In *Lutfy v. R.D. Roper & Sons Motor Co.,* 57 Ariz. 495, 115 P.2d 161 (1941), the plaintiff sought damages from the defendant for fraudulent misrepresentation that the automobile purchased by plaintiff was a 1937 model, when in fact it was a 1936 model. The written contract negated any representations or warranties other than those in the written contract. The Arizona Supreme Court approved the action of the trial court in allowing plaintiff to testify as to the oral representations made by defendant concerning the year and model of the automobile "because parol evidence is always admissible to show fraud, and this is true, even though it has the effect of varying the terms of a writing between the parties", citing *Arnett v. Sanderson,* 25 Ariz. 433, 218 P. 986 (1923); *L.C. James Motor Co. v. Wetmore,* 36 Ariz. 382, 286 P. 180 (1930); and *Mooney v. Cyriacks,* 185 Cal. 70, 195 P. 922 (1921). *Id.* at 506–07, 115 P.2d at 166.

In *Pioneer Constructors v. Symes,* 77 Ariz. 107, 267 P.2d 740 (1954), defendants successfully counterclaimed for fraud. Defendants entered into a written agreement with plaintiff to build low-cost houses. The written agreement stated that the total cost of all materials and labor would not exceed $3,100.00 per unit. At trial, evidence was admitted that the $3,100.00 maximum was placed in the contract at the insistence of a bonding company but was not intended by the parties to limit the amount to be paid to defendants for the construction. The court allowed the parol evidence "to show fraud," and cited *Lutfy. Id.* at 113, 267 P.2d at 745. *See also Bomfalk v. Vaughan,* 89 Ariz. 33, 357 P.2d 617 (1960).

Two Court of Appeals cases have admitted evidence of prior oral representations to show that the written agreement was procured by fraud. *Dowdle v. Young,* 1 Ariz. App. 255, 401 P.2d 740 (1965), allowed evidence of oral representations of the dimen-sions of a silage pit in a suit for breach of warranty and fraud despite a written agreement which contained a warranty as to the quantity of silage being sold in the pit. The opinion states:

> The alleged oral representations were not warranties but were alleged statements which could have induced plaintiff to believe that there was 2300 tons of silage in the pit.
>
> We approve the view asserted in many decisions and implied in other that parol evidence is admissible to prove fraud. This is not in conflict with the well-known parol evidence rule which renders parol or extrinsic evidence inadmissible to contradict or vary the terms of a written contract. The latter rule does not apply where the issue is whether the contract was procured by fraud. The fact that a contract is in writing does not preclude the introduction of evidence to show that a material stipulation therein was founded on the misrepresentations and fraud of one of the parties . . . .

*Id.* at 258, 401 P.2d at 743.

The Court of Appeals in *Jamison v. Southern States Life Insurance Co.,* 3 Ariz. App. 131, 412 P.2d 306 (1966) set aside a summary judgment for the plaintiff who had sued to collect on a promissory note, holding that the parol evidence rule "does not preclude the showing that a written contract was entered into in reliance upon fraudulent representations", citing *Dowdle* and the *Restatement of Contracts* § 238. 3 Ariz.App. at 134, 412 P.2d at 309. The opinion held that the defendant was entitled under the pleadings to offer evidence in defense of the suit on the note that plaintiff had orally misrepresented that if defendant would execute the promissory note, plaintiff would make a mortgage loan to defendant.

On the other hand, there are two Court of Appeals cases from Division 2 which hold that evidence of prior oral representations is inadmissible when it would directly contradict a provision of a written agreement. *Sun Lodge, Inc. v. Ramada Development Co.,* 124 Ariz. 540, 606 P.2d 30 (App. 1979);

and *Apolito v. Johnson*, 3 Ariz.App. 232, 413 P.2d 291 (1966), *supplemental opinion*, 3 Ariz.App. 358, 414 P.2d 442 (1966). In *Sun Lodge* the court held that evidence of promises by appellee-seller to deliver certain furniture by November 1 was properly excluded where the written sales contract provided that a minimum of 90 days must be allowed for delivery. The opinion stated:

> Evidence of statements which are squarely against the terms of the written agreement are inadmissible under the parol evidence rule. *Apolito v. Johnson*, 3 Ariz. App. 358, 414 P.2d 442 (1966).

124 Ariz. at 542, 606 P.2d at 32.

*Apolito* held that evidence of oral misrepresentations by the seller of land that the buyers would only be liable for half of the purchase price stated in the separate written agreements with each buyer was not admissible in support of the buyers' claim for rescission. The supplemental opinion states:

> [T]he alleged misrepresentations were contradictory to the provisions of the written contract. In order to form a basis for rescission, the misrepresentations must be as to some collateral matter and not mere contradictions of the provisions of the contract expressed in clear, unambiguous language. ·*Newmark v. H. & H. Products Mfg. Co.*, 128 Cal.App.2d 35, 274 P.2d 702, 703 (1954). Mrs. Johnson's purported representations that appellants would not have to make any more payments and/or that the total purchase price was not as stated in the escrow instructions were contrary to and inconsistent with the express terms of the written contract executed by the parties. Evidence of such statements which are squarely against the terms of the writing cannot be received or counted upon to support a finding of fraud, for to allow otherwise would do violence to the parol evidence rule. *Shyvers v. Mitchell*, 133 Cal.App.2d 569, 284 P.2d 826, 830 (1955).

3 Ariz.App. at 359–60, 414 P.2d at 443–44.

Division 2 of the Court of Appeals in *Apolito* and *Sun Lodge* appears to have adopted the California view, and the view of a number of other jurisdictions, that limits the admissibility of promissory fraud when it conflicts with the written agreement. The California doctrine and cases cited by the court in *Apolito* are discussed and criticized in Sweet, *Promissory Fraud and the Parol Evidence Rule*, 49 Cal.L.Rev. 877 (1961).

The determination of when an oral promise is inconsistent with the written agreement can be difficult. *See General Corp. v. General Motors Corp.*, 184 F.Supp. 231 (U.S. D.C. Minn., 3d Div., 1960); *Dillon v. Sumner*, 153 Cal.App.2d 639, 315 P.2d 84 (1957); and *Simmons v. California Institute of Technology*, 34 Cal.2d 264, 209 P.2d 581 (1949). Indeed, it is difficult to conclude that the oral promises made in *Lusk Corp.* were not inconsistent with the written agreement which negated the existence of any such promise.

A case by case study of a large number of cases nationwide dealing with the application of the parol evidence rule has been reported in Childres and Spitz, *Status in the Law of Contract*, 47 N.Y.U.L.Rev. 1 (1972). The results indicate that, in practice, courts generally apply the parol evidence rule to exclude allegations of prior or contemporaneous oral promises which contradict the written agreement in cases involving "formal contracts" which were the result of negotiation between parties with some expertise and business sophistication. *Id.* at 8, 9.· There is a much greater tendency in the reported cases to allow such evidence in "informal contracts" between people who lack sophistication in business. *Id.* at 17–24. In cases involving abuse of the bargaining process, such as unconscionable contracts or contracts involving duress, the courts almost always disregard the parol evidence rule and allow evidence of the oral promises or representations.

■ The pleadings and affidavits in this case reflect that the parties each had experience in business transactions and that the written option agreement was prepared as the result of negotiations between the parties, who were represented by counsel. It involved a relatively substantial and sophis-

ticated real estate transaction. The written option agreement was a "formal contract." The contradiction of the written agreement and the oral representation is clear. Appellant is asking the court to substitute the prior statement by appellee's agent to the effect that completion of the offsite improvements by the June 15 deadline would not be necessary if reasonable progress had been made for the express provision in the written agreement requiring completion of the improvements by June 15. The facts are such that courts in most jurisdictions would exclude the evidence of the prior oral statement on the basis of a strict application of the parol evidence rule. It is our opinion on rehearing that the trial court correctly granted summary judgment to appellee on Count II quieting title to the property covered by the option agreement in appellee.

The application of the parol evidence rule moves along a continuum based on the extent of the contradiction and the relative strength and sophistication of the parties and their negotiations. We disagree with the broad and simple statement of the application of the rule as set forth by Division 2 of this court in *Sun Lodge* and *Apolito*. There are circumstances under which evidence of a prior or contemporaneous contradictory oral representation or promise would be admissible notwithstanding the subsequent integrated written agreement of the parties, as is illustrated by *Lusk Corp.*

The memorandum decision filed in this case on June 3, 1980, is modified to the extent set forth above. In all other respects it remains unchanged.

The judgment is affirmed.

EUBANK, P. J., and HAIRE, J., concur.