LUEDKE and another, Respondents, vs. PAULY MOTOR TRUCK COMPANY, Appellant.

*October 19, 1923—January 15, 1924.*

*Fraud: Parol evidence: Misrepresentation as to age of motor truck sold: Buyer's right to rely on representation: Question for court: Damages.*

1. In an action for damages sustained because of fraudulent representations made in the sale of a motor truck, parol evidence was admissible to prove such representations. p. 347.
2. The seller of the truck having promised to ascertain when it was built and as a dealer having access to such information, the question whether the buyer had a right to rely on his representations as to the age of the truck, in the absence of

Luedke v. Pauly Motor Truck Co. 182 Wis. 346.

facts putting him on inquiry, was not a question of fact for the jury; and the court, under the evidence in this case, was justified in holding as a matter of law that plaintiff had a right to rely upon the representations.   p. 348.

3. The buyer was not required to show the difference between the value of the truck and what the value of the same identical truck would have been if it had been built during the year represented by the seller, but could recover the difference between the value of the truck purchased and the value of another truck of the age represented by the seller.   p. 349.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action to recover damages sustained by reason of fraudulent representations made in the sale of a motor truck. The jury found (1) that the representative of the defendant, prior to January 20, 1920, represented to the plaintiffs that the truck in question was built in 1917; (2) that such representation was false, fraudulent, and made with the intent to induce plaintiffs to buy the truck; (3) that plaintiffs believed such representation and relied thereupon and were thereby induced to purchase the truck; (4) that the market value of said truck if built in 1917 was $2,200, and if built in 1913 was $965. The court gave plaintiffs the option to take judgment for $880 or a new trial. They elected to take judgment for said amount with interest and costs, which was entered, and the defendant appealed.

*O. L. O'Boyle* of Milwaukee, for the appellant.

For the respondents there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *Harney B. Stover.*

The following opinion was filed November 13, 1923:

VINJE, C. J.   The claims made by the defendant that parol evidence was inadmissible to prove the alleged fraudulent representations and that there was no competent testimony to prove that the truck purchased was built in 1913 are untenable and we shall spend no time in discussing them.

It is also claimed that the verdict is defective because it

does not find that the plaintiffs had a right to rely upon the fraudulent representations as to the age of the truck. Whether a buyer has a right to rely upon fraudulent representations made to him by a vendor of an article may be a question of fact for a jury or one of law for the court. In the instant case we think it clearly the latter. The vendor promised to find out when the truck was built. Such information was peculiarly within his reach, and in such case, where he asserts that he will ascertain what the fact is and later makes representations concerning it, the buyer may rely upon such representations in the absence of any facts to put him upon inquiry. The age of the truck was ascertained from its serial number, but the ordinary buyer would not know during what year a truck bearing a certain serial number was made. Only dealers furnished with accurate lists as to when a truck bearing a certain serial number was made, or the manufacturer, could tell in what year the truck was built. The trial court was therefore justified in holding as a matter of law, under the evidence in this case, that plaintiffs had a right to rely upon the representations as to the age of the truck.

It is in evidence that plaintiffs paid about $2,300 for the truck. Plaintiffs' evidence also showed that trucks depreciated approximately from twenty-five to thirty per cent. the first year and about ten per cent. per year thereafter. The jury found the market value of a 1917 truck to be $2,200, about $100 less than plaintiffs paid for the truck, and the court evidently allowed as damages ten per cent. per year, or forty per cent. in all, for the depreciation during the four years between 1913 and 1917. The evidence sustains such assessment. True, defendant's testimony is in conflict with it, but the court was not bound to believe its testimony to the effect that there would be no difference in the market value of two trucks in the same mechanical condition, one built in 1913 and the other in 1917. Since it is impossible to have the same truck built in 1913 and in 1917

there is no force in the claim that it was incumbent upon plaintiffs to show the difference in value in the same identical truck. Different trucks, or assumed trucks, in the same general mechanical condition answered the call as to the rule of damages in such cases. That rule is the difference in value of the truck actually delivered and its value if it had been as represented. Here that difference in value resulted from age and the depreciation due to age and an older make. We find no error in the record.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 15, 1924.