HANNAH ALBERT, Appellant, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent.

Argued March 2, 1938; decided April 12, 1938.

*Bernard I. Kamen* and *Sol S. Ostertag* for appellant. Proof as to the value of the mortgaged premises was improperly received. (*Downey* v. *Mallinson,* 232 App. Div. 703.) The trial court erred in letting the special defenses of ratification and estoppel go to the jury. (*Rector* v. *Title Guarantee & Trust Co.,* 246 App. Div. 251; 272 N. Y. 568.) The charge to the jury that a verdict for the defendant would not deprive the plaintiff of her right of action for damages was improper and prejudicial. (46 C. J. 736.)

*Flynn L. Andrew, Edward N. Perkins, Richard S. Holmes* and *John M. Friedman* for respondent. The evidence as to the restrictions imposed by the Superintendent of Insurance upon the guaranty company was properly received. (*Blossom* v. *Barrett,* 37 N. Y. 434; *Carpenter* v. *Sears,* 129 Misc. Rep. 574.) The trial court's charge states correctly the law applicable to the case. (*Canadian Agency, Ltd.,* v. *Assets Realization Co.,* 165 App. Div. 96; *Hardt* v. *Heidweyer,* 152 U. S. 547; *Dennin* v. *Finucane,* 96 Misc. Rep. 252; 176 App. Div. 946; 227 N. Y. 606.) The trial court's charge was proper, that a verdict for the defendant would not deprive the plaintiff of her right of action for damages. (*Keller* v. *Strasburger,* 90 N. Y. 379.)

LOUGHRAN, J. Plaintiff bought from the defendant Title Guarantee and Trust Company four mortgage participation certificates guaranteed by Bond and Mortgage Guarantee Company. This action was brought to recover back the purchase price as upon a rescission of the transaction. The mortgaged premises were vacant lots. Plaintiff's case was that she had been induced to buy the certificates by defendant's statement that the mortgage covered only improved and income producing

properties. The jury found for the defendant. Plaintiff appeals from an affirmance of the judgment entered on the verdict. We think there must be a new trial.

Each of the certificates recited that it was an assignment of part of a mortgage "covering 388 parcels at Jackson Heights, Queens County." The trial court ruled that this recital was in itself evidence sufficient to warrant a finding of notice to the plaintiff of the true state of the mortgaged premises. Accordingly, it was left to the jury to say whether "the description of the land as being in 'parcels' put a reasonable person on inquiry or knowledge that they were not improved by buildings or income-producing property." This was error. It is no excuse for a culpable misrepresentation that means of probing it were at hand. (*Dobell* v. *Stevens*, 3 B. & C. 623; *Mead* v. *Bunn*, 32 N. Y. 275; *Baker* v. *Lever*, 67 N. Y. 304.)

Though there was no claim that the value of the mortgaged premises had been misrepresented, the defendant was allowed to show the value thereof. Proof was then taken of restrictions that were imposed upon Bond and Mortgage Guarantee Company in rehabilitation proceedings instituted two years after plaintiff's purchase of the certificates. We are not willing to say that these irrelevant matters did not tend unduly to confuse the case and unfairly to surprise and prejudice the plaintiff.

At the defendant's request, the jury were told "that the verdict for the defendant in this case would not deprive the plaintiff of her right of action for damages," and that "she is not deprived of the remedy of damages if she fails in this action for rescission." We think this instruction should not have been given.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.