434 P.2d 520

**Howard S. HORNE, dba Howard S. Horne &
Associates Investment & Realty
Company, Appellant,**

**v.**

**Joseph TIMBANARD, Appellee.**

**No. 2 CA–CIV 345.**

Court of Appeals of Arizona.

Oct. 23, 1967.

Rehearing Denied Nov. 15, 1967.

Review Denied Dec. 19, 1967.

nated on its own motion certain factual issues framed by a pretrial order.

The complaint filed in the lower court is one by a real estate salesman against his broker for a share of certain commissions. Part of the relief sought in the complaint is a rescission of an agreement to accept substantially less than the salesman's regular share (60 per cent) of the commission on a certain real estate sale because of an alleged false representation made by the broker that the commission on the sale had to be shared with another broker. In that part of the complaint asking for rescission, the traditional nine elements of fraud were alleged. See Moore v. Meyers, 31 Ariz. 347, 253 P. 626 (1927).

The pretrial order included among the issues of fact:

"4. Are all of the elements of actionable fraud present to overcome the compromise and settlement, if in fact there was a compromise and settlement?"

At the conclusion of the trial, the trial court denied the broker's request for instructions informing the jury of the nine elements of fraud, and gave its own instruction on innocent misrepresentation as follows:

"A transaction into which one is induced to enter by reliance upon untrue and material representations as to subject matter made by the other party to the transaction is subject to rescission at the election of the person deceived."

The broker complains that in giving this instruction, the trial court "* * * went outside the pretrial order to take this case away from counsel and reshape it to fit a framework of its own theories." The broker relies upon Loya v. Fong, 1 Ariz. App. 482, 404 P.2d 826 (1965). But we do not see here any injection into the trial of a factual issue eliminated by the pretrial order, as in *Loya.* We see only a commendable narrowing of the issues to focus the attention of the jury on the critical factual issue in the case.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for appellee.

MOLLOY, Judge.

This appeal presents the question of whether the trial court, as it was presenting issues of fact to a jury, properly eliminating issues of fact to a jury, properly elimi-

The trial court presented this case to the jury under special interrogatories in pursuance of Rule 49(g), R.Civ.P., 16 A.R.S. The question presented on rescission was:

"If the Plaintiff, Joseph Timbanard, agreed to accept $2,000.00 as his share of commission on the first Vertlieb sale, is he now entitled to have this agreement rescinded because of alleged misrepresentations of the Defendant, Howard S. Horne?"

The elimination by the trial court, *sua sponte*, of the elements of actionable fraud in tort which were not included in the issues submitted to the jury, we regard as an appropriate exercise of the responsibility of the trial court to simplify and expedite litigation when possible. The essence of all pleading is to give notice of opposing claims. The broker here had clear notice from the pleadings and the pretrial order of all allegations of facts which, if true, entitled the salesman to rescind. There is reputable authority holding that a litigant is entitled to no more and has no legitimate complaint if legal theories be changed after the factual issues have congealed. See Spomer v. City of Grand Junction, 144 Colo. 207, 355 P.2d 960 (1960). In this case, the "theory" of the plaintiff's case has been altered only by the elimination of unnecessary appendages.

A suit to rescind a contract is one in equity. Kostolansky v. Lesher, 95 Ariz. 103, 106, 387 P.2d 804 (1963); and see 1 Pomeroy's Equity Jurisprudence (5th ed. 1941) § 112, p. 146. Equity has regarded a suit to rescind a contract for innocent misrepresentation as being one sounding in "fraud." 3 Pomeroy's Equity Jurisprudence (5th ed. 1941) § 885, pp. 486–87; 1 Black Rescission and Cancellation (2d ed. 1929) § 102, p. 301; and see 23 Am.Jur. Fraud and Deceit § 134, p. 932. The "fraud"

perceived by equity courts was in the attempt to retain the benefits of a bargain induced by misrepresentation.

The general law is well established that the pleading of immaterial averments does not require proof of such averments in order to prevail. Spomer v. City of Grand Junction, supra; Hinton v. Wilmes, 80 Wyo. 360, 343 P.2d 201 (1959); 41 Am.Jur. Pleading § 369, p. 545; 71 C.J.S. Pleading § 522, pp. 1078–1079. We see no reason why this same law does not apply to a pretrial order. The purpose of a pretrial order is to simplify litigation and not to complicate it. When there is no more change in "theory" than presented here, we hold that if immaterial issues are included in a pretrial order, they may be eliminated by the court at the conclusion of the evidentiary-taking phase of the trial.

The broker questions whether the well-established law permitting rescission in equity for innocent, material misrepresentation is the law of this state. We have indicated in two prior decisions that we believe § 476 of the Restatement of Contracts,[1] is part of the law of this jurisdiction. Apolito v. Johnson, 3 Ariz.App. 358, 359, 414 P.2d 442, 443 (1966); Miller v. Boeger, 1 Ariz.App. 554, 558, 405 P.2d 573, 577 (1965). The broker relies upon Godfrey v. Navratil, 3 Ariz.App. 47, 411 P.2d 470 (1966), as holding contrary to these pronouncements. Insofar as *Godfrey* may be authority that all nine elements of tortious fraud are necessary to rescind a contract, we find it unsupported by authority and hence decline to follow it. We reaffirm our statements in *Apolito* and *Boeger*.

We do not pass upon the contention that the wording of the instruction on innocent misrepresentation was too "abstract." In substance, the instruction properly stated applicable law. There was no

1. § 476 of the Restatement of Contracts reads in pertinent part:

"(1) Where a party is induced to enter into a transaction with another party that he was under no duty to enter into by means of the latter's fraud *or material misrepresentation,* the transaction is voidable as against the latter, and all who stand in no better position. * * *" (Emphasis added.)

objection voiced to the form of the instruction at the time instructions were settled and such objections cannot now be raised. Rule 51(a), R.Civ.P., 16 A.R.S.; Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963).

Nor do we find the instructions to be a comment upon the evidence. In evaluating this criticism, we take note that there was no dispute in the evidence but what, if the alleged representation was made by the broker, the statement was completely false. Under the undisputed evidence, if such representation was made, it was "material." Restatement of Contracts § 470(2).[2] Also, it is undisputed that the salesman was under no duty to compromise the amount of his commission. Under these circumstances, there was no need to present the questions of falsity, duty or materiality as issues of fact for jury determination. Rule 49(g), R.Civ.P., 16 A.R.S.; Reda v. Lowe, 185 Kan. 306, 342 P.2d 172 (1959); Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, 71 P.2d 154 (1937); 37 C.J.S. Fraud § 125, p. 453; and cf. Corbett v. Kingan, 19 Ariz. 134, 166 P. 290 (1917).

If "right to rely" is a necessary element in a suit to rescind for innocent misrepresentation, then this issue falls in the same category under the undisputed facts of this case. Unlike the situation presented in Godfrey v. Navratil, supra, there are no red flags to alert the recipient of the falsity of this misrepresentation. The salesman here was dealing with his employing broker, a person in whom he should be justified in placing confidence. When the facts are clear, the "right to rely" is a matter for court decision rather than jury determination. Albert v. Title Guarantee & Trust Co., 277 N.Y. 421, 14 N.E.2d 625 (1938); Luedke v. Pauly Motor Truck Co., 182 Wis. 346, 195 N.W. 853 (1923); and see 37 C.J.S. Fraud § 129, p. 455. Hence, though we are unable to agree with some of the reasoning of the *Godfrey* decision, we do not necessarily quarrel with its results.[3]

Under the undisputed evidence in this case, the only factual issue which needed resolution on the issue of misrepresentation was whether the alleged statement had been made, or not. Under Rule 49(g), R.Civ.P., the trial court has considerable discretion in the wording of interrogatories to be submitted. There might have been an even more direct way of eliciting a "categorical or other brief answer"[4] from the jury on the factual issue presented but the court was given no help from counsel in presenting it in any better fashion, and we see no error in the manner of the submission.

The broker has asked for a new trial on the grounds of newly discovered evidence. The evidence relied upon is as

2. § 470.

  *  *  *  *  *

"(2) Where a misrepresentation would be likely to affect the conduct of a reasonable man with reference to a transaction with another person, the misrepresentation is material, except as this definition is qualified by the rules stated in § 474." *

Restatement of Contracts § 470(2).

* (§ 474 pertains to expressions of opinion.)

3. We note that § 476 of the Restatement of Contracts, see n. 1 supra, does not specify "right to rely" as a necessary element in an action to rescind. There is, however, reputable authority taking a contrary view. Bassford v. Cook, 152 Colo. 136, 380 P.2d 907, 910 (1963).

4. Rule 49(g), R.Civ.P., reads in part:

"* * * the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence, or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." A.R.S. 16.

to a collateral fact,[5] in no sense critical to the outcome of the case. We see no abuse of the trial court's discretion in denying the motion for a new trial. Sabin v. Rauch, 75 Ariz. 275, 281, 255 P.2d 206, 209 (1953).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

5. There was a dispute as to the date the broker flew the buyers over the land purchased. The "new" evidence is an invoice showing a plane rental to the broker on the date that he testified the flight occurred.