460 P.2d 637

Freda LEHNHARDT, Appellant,

v.

CITY OF PHOENIX, Appellee.

No. 9654.

Supreme Court of Arizona.

In Division.

Nov. 7, 1969.

Cox & Cox, Phoenix, for appellant.

James D. Lester, Asst. City Atty., for appellee.

UDALL, Chief Justice.

Plaintiff below quit-claimed part of her property to the city of Phoenix for roadway purposes. She sought rescission of the transaction and cancellation of the quit-claim deed, alleging misrepresentation by the city. From a judgment denying rescission she brings this appeal.

The trial court made findings of fact and stated separately its conclusions of law. Plaintiff contends on appeal that she is entitled to judgment on the facts found by the court below. Those facts found by the trial court which we deem pertinent to the appeal are as follows:

On January 31, 1959, plaintiff received by mail a quit claim deed and a sketch or map prepared by the city, together with a letter requesting the dedication of a portion of her property for roadway purposes. Upon completion of such dedication her property was to be rezoned from R–2 to R–4. The quit claim deed was clear and sufficient on its face and contained a clear and unambiguous description of the property to be dedicated. The sketch, however, which was intended to illustrate that portion of plaintiff's property to be dedicated, was ambiguous, erroneous, and did not correspond to the description contained in the quit claim deed. The evidence indicates that the quit claim deed conveyed roughly 4,131 square feet more than the sketch in-

dicated, which constituted a strip approximately 21 by 193 feet along the north side of plaintiff's property. The sketch was a material inducement to plaintiff in executing the quit claim deed. The city, in preparing the sketch, did not know that it did not correspond to the description in the quit claim deed and did not intend to deceive plaintiff. Plaintiff understood that the quit claim deed was an instrument by which she would convey all her right, title and interest in that portion of her property described therein. She did not request anyone to advise her regarding the contents of the quit claim deed. She executed the deed and delivered it to the city, but because of the sketch, she believed that she was dedicating less property than was actually dedicated by the deed. Some time during July, 1959, her property was rezoned from R-2 to R-5. During January or February of 1963, plaintiff caused a survey to be made of her property and discovered the actual amount of property she had dedicated by the quit claim deed.

These findings of fact indicate clearly that the city made a misrepresentation. The trial court expressly found that the sketch, prepared by the city to illustrate the portion of plaintiff's property to be dedicated by plaintiff, did not correspond to the description contained in the quit claim deed prepared by the city. Therefore, the assertion that the sketch illustrated the property described in the quit claim deed when it did not, constituted a misrepresentation. The trial court also expressly found that the sketch was a material inducement to the plaintiff in executing the Quit Claim Deed.

Plaintiff contends that a transaction induced by the material though innocent misrepresentation of a party is voidable against that party. We agree. It appears to be well-established law that a claim for rescission, as opposed to a claim for damages, may be granted when "innocent" as well as fraudulent misrepresentations are made, and that accordingly, proof of each of the nine elements of actionable fraud is not essential in a rescission ac-

tion. Restatement, Contracts Sec. 476 (1932); Lanners v. Whitney, 247 Or. 223, 428 P.2d 398 (1967); Prudential Ins. Co. of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967); Watkins v. Grady County Soil and Water Conservation Dist., 438 P.2d 491 (Okl.). Our Court of Appeals followed this rule in Berry v. Robotka, 9 Ariz.App. 461, 453 P.2d 972 (1969). See also Horne v. Timbanard, 6 Ariz.App. 518, 434 P.2d 520 (1967); Miller v. Boeger, 1 Ariz.App. 554, 405 P.2d 573 (1965).

The City of Phoenix argues that it is not guilty of fraud; reasoning that because there was no actual intent to deceive there was no actual fraud; and because there was no breach of a duty arising from a fiduciary relationship, there existed no constructive fraud. The City confuses a claim for damages based on fraud and a claim for rescission based on misrepresentation. Conceding the absence of fraud, plaintiff is nevertheless entitled to rescission because of the representation of the City, its falsity, its materiality, and the fact that it was the inducing cause for her execution of the Quit Claim Deed.

The City's contention that plaintiff's action is barred by the running of the statute of limitations is without merit. Plaintiff would not have discovered the misrepresentation by exercise of reasonable diligence, any sooner than she did. She discovered the City's misrepresentation when she attempted to sell the property and had the survey made at the request of the prospective buyer. When the survey disclosed the City's misrepresentation, plaintiff instituted this action well within either of the statutes alleged by the City to be applicable.

For the reasons heretofore stated, it is ordered reversing the lower court's judgment, and remanding the matter, with instructions to vacate its judgment as to the parties to this appeal and enter judgment in favor of plaintiff and against defendant City of Phoenix.

STRUCKMEYER and McFARLAND, JJ., concur.