IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

SALLY SCHNEIDER DUNCAN, et al., *Plaintiffs/Appellees*,

v.

PUBLIC STORAGE, INC., *Defendant/Appellant*.

———————————————————

KEVEN BROWN, *Plaintiff/Appellee,*

v.

PUBLIC STORAGE, INC., *Defendant/Appellant*.

———————————————————

TIFFANY ROBERTS, *Plaintiff/Appellee,*

v.

PUBLIC STORAGE, INC., *Defendant/Appellant*.

No. 1 CA-CV 21-0283
FILED 3-8-2022

———————————————

Appeal from the Superior Court in Maricopa County
Nos. CV2020-010440, CV2020-010510, CV2020-010493
The Honorable Stephen F. McCarville, Judge

**VACATED AND REMANDED**

COUNSEL

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Sean P. Healy, Robert C. Ashley
*Counsel for Defendant/Appellant Public Storage, Inc.*

Hagens Berman Sobol Shapiro LLP, Phoenix
By Robert B. Carey, John M. DeStefano, E. Tory Beardsley
*Counsel for Plaintiff/Appellee Tiffany Roberts*

Osborn Maledon P.A., Phoenix
By Geoffrey M.T. Sturr
*Counsel for Plaintiffs/Appellees Duncan*

Guidant Law, PLC, Tempe
By Samuel Saks
*Counsel for Plaintiff/Appellee Keven Brown*

## OPINION

Vice Chief Judge David B. Gass delivered the opinion of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S**, Vice Chief Judge:

¶1 Public Storage, Inc., a self-storage facility, appeals the superior court's denial of its motion to compel arbitration. Because the superior court failed to apply the separability doctrine, we vacate the order and remand for further proceedings consistent with this decision.

### FACTUAL AND PROCEDURAL HISTORY

¶2 At different times between 2016 and 2018, Public Storage contracted with three unrelated renters—Keven Brown (2016), Sally Schneider Duncan (together with her husband, David Duncan) (2018), and Tiffany Roberts (2018). The Duncan and Roberts rental contracts were identical. The Brown rental contract was not identical but included some of the same terms.

¶3 To begin, each rental contract contained an arbitration clause stating the parties agreed to "arbitrate any and all disputes or claims . . . relating to . . . the relationship between" the renter and Public Storage. The

arbitration clauses specifically included consumer fraud and negligence claims. Each rental contract required the renter to acknowledge the arbitration clause by initialing it. And each told the renter the arbitration clause was optional and explained how to reject it.

¶4 Each rental contract also included an entirety clause, which (1) told the renter the written contract was the entire agreement, (2) disavowed any prior statements, and (3) explained subsequent changes would need to be in writing. Each rental contract required the renter to provide, at the renter's expense, a lock the renter deemed sufficient to secure the unit. And each said the renter would not give Public Storage or any of its employees a key or combination to the lock.

¶5 In their complaints, the renters alleged Public Storage's website stated prospective renters would "keep the only key to [their] unit." The Duncans further alleged a Public Storage representative repeated the only-key promise to them while standing outside their rental unit. The Duncans' complaint, however, does not make it clear whether that conversation occurred before or after the Duncans signed their rental contract.

¶6 The rental contracts differed in some respects. The Duncan and Roberts rental contracts said Public Storage would "not have possession, care, custody, or control over [their] stored property." Brown's rental contract did not.

¶7 In September 2018, a thief accessed the three units. The complaints alleged the thief used a "generic auctioneer code" to enter the gate outside Public Storage's facilities. The thief then unlocked the rear doors to each rental unit and removed the renters' possessions, including furniture, family heirlooms, historic gifts, photo albums, and other property. The thief entered the units using Public Storage's master key or keys obtained through the internet.

¶8 The renters separately sued Public Storage, alleging consumer fraud and negligence. Public Storage moved to dismiss each case and compel arbitration. The superior court consolidated the three cases for oral argument. After argument, the superior court denied Public Storage's motion, finding the rental contracts void because Public Storage fraudulently induced the renters to enter them. Public Storage timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.01.A.1.

## ANALYSIS

**¶9** Public Storage argues the superior court erred by denying its motion to compel arbitration because (1) it misconstrued the separability doctrine, and (2) the renters did not show the arbitration clause was fraudulently induced or unconscionable. The renters maintain (1) Public Storage fraudulently induced them into agreeing to arbitrate disputes and (2) the contracts are so unconscionable that no meeting of the minds occurred.

**¶10** On review, this court treats a motion to compel arbitration like a motion for summary judgment. *Gullett v. Kindred Nursing Ctrs. W., L.L.C.*, 241 Ariz. 532, 540, ¶ 27 (App. 2017) (citing *Ruesga v. Kindred Nursing Ctrs. W., L.L.C.*, 215 Ariz. 589, 596, ¶ 23 (App. 2007)). This court reviews *de novo* a denial of a motion to compel arbitration. *Allstate Prop. & Cas. Ins. Co. v. Watts Water Tech., Inc.*, 244 Ariz. 253, 256, ¶ 9 (App. 2018). But this court defers to any findings of fact the superior court made in ruling on the motion unless they are "clearly erroneous or unsupported by any credible evidence." *See Federoff v. Pioneer Title & Tr. Co. of Ariz.*, 166 Ariz. 383, 388 (1990).

**¶11** Here, no party asked for an evidentiary hearing, and the superior court did not hold one. This court, therefore, assumes the superior court summarily determined any relevant disputed fact issues. *See Ruesga*, 215 Ariz. at 596, ¶ 24 (discussing A.R.S. § 12-1502.A). If the superior court rules on an incorrect ground involving disputed fact issues and the correct ground involves different disputed fact issues, this court remands the case to the superior court to consider the relevant factual issues. *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 301 (1993) (declining to adjudicate the issue on appeal not addressed in the superior court findings because a "final decision without findings was impossible without transforming this court into a factfinder resolving disputed issues of fact"); *Aida Rental Tr. v. Ariz. Dep't of Revenue*, 197 Ariz. 222, 233, ¶ 29 (App. 2000) (as corrected).

## I.    The Separability Doctrine

**¶12** All parties agree the "separability doctrine" governs arbitration clauses but disagree about how to apply that doctrine. To begin, we need not resolve whether state or federal law controls because "the same analysis is mandated by both sets of statutes." *See WB, The Bldg. Co. v. El Destino, LP*, 227 Ariz. 302, 306, ¶ 10 (App. 2011); *see also Hamblen v. Hatch*, 242 Ariz. 483, 487–88, ¶¶ 16–17 (2017); 9 U.S.C. § 2; A.R.S. § 12-3006.

**¶13**       Under the separability doctrine, an "arbitration clause is considered to be an agreement independent and separate from the principal contract." *U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 253 (App. 1985). "[C]ourts must place arbitration agreements on equal footing with other contracts . . . and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citation omitted). Accordingly, a challenge to "the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid" is insufficient to render the arbitration clause unenforceable. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006) (emphasis in original)). "[A] court may only stay arbitration if there is a challenge to the arbitration clause itself." *WB*, 227 Ariz. at 306, ¶ 11. Nevertheless, "the same grounds may be used to challenge both an arbitration agreement and the underlying contract so long as an arbitration agreement itself is separately and distinctly challenged on those grounds." *Id.* at 307, ¶ 13.

**¶14**       In their responses to Public Storage's motions to compel arbitration, the renters did not raise a defense consistent with the separability doctrine. Except for a few different factual allegations, the renters' responses were nearly identical. The Duncans alone hinted at, but never developed, an arbitration-specific defense, saying: "The very [rental contract] itself and all of its terms including the arbitration [clause] are void because they were procured by due process violations and induced by the lie [Public Storage] told [the renters]." Beyond that, the renters' responses did not suggest the arbitration clauses were distinctly induced by fraud or unconscionable. Instead, they argued the entire rental contracts were substantively unconscionable because of terms outside the arbitration clauses.

**¶15**       Then, at oral argument, the Duncans briefly developed an arbitration-specific theory premised on fraudulent inducement, and the other renters adopted those arguments by reference. Though the renters did not adequately raise the appropriate theory in their responses, we exercise our discretion to address the merits because the renters advanced a theory consistent with the separability doctrine both during oral argument in the superior court and on appeal. *See State v. Aleman*, 210 Ariz. 232, 240, ¶ 24 (App. 2005) (waiver is a procedural concept this court does not "rigidly employ in mechanical fashion").

**II.     The Enforceability of the Arbitration Clauses**

**¶16**     An arbitration clause "is valid, enforceable and irrevocable except on a ground that exists at law or in equity for the revocation of a contract." A.R.S. § 12-3006.A; *see also WB*, 227 Ariz. at 308, ¶ 14; 9 U.S.C. § 2. Those grounds include "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center*, 561 U.S. at 68 (quoting *Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)); *see also WB*, 227 Ariz. at 308, ¶ 14 (defenses to arbitration include "lack of mutual consent, consideration or capacity[,] fraud, duress, lack of capacity, mistake, or violation of a public purpose" (quoting *Hilro*, 146 Ariz. at 253)). We address the renters' fraudulent inducement defense before turning to their unconscionability argument.

**A.     Fraudulent Inducement**

**¶17**     The renters argue "Public Storage induced the making of the arbitration [clause] itself by fraudulently representing the very essence of the security it was supposed to provide." Public Storage counters by arguing the renters failed to show it fraudulently induced them to agree to the arbitration clauses.

**¶18**     In the superior court, a party seeking to compel arbitration must demonstrate the existence of an arbitration agreement. A.R.S. § 12-3007.A. The superior court next "determines whether material issues of fact are disputed, and, if such factual disputes exist, then conducts an expedited discovery hearing to resolve the dispute." *Ruesga*, 215 Ariz. at 596, ¶ 24 (quoting *Haynes v. Kuder*, 591 A.2d 1286, 1290 (D.C. 1991)). On a motion to compel arbitration, the "burden of proving a generally applicable contract defense lies with the party challenging" the arbitration clause. *Gullett*, 241 Ariz. at 541, ¶ 31 (citing *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 n.5 (3d Cir. 2013) (quoting *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 274 (3d Cir. 2004))).

**¶19**     Public Storage met its initial burden by providing the parties' signed arbitration clauses. The renters then bore the burden to bring forth evidence establishing a genuine dispute of material fact as to the arbitration clauses' enforceability. *See Ruesga*, 215 Ariz. at 596, ¶ 24.

**¶20**     Here, the renters claimed Public Storage fraudulently induced them to enter the rental contracts. Fraud requires proof of the following elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; [and] (9) the hearer's consequent and proximate injury.

*Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291–92, ¶ 14 (App. 2010). Because a defense to a motion to compel arbitration seeks rescission, not damages, "a defrauded party does not have to show pecuniary damages in order to defeat a [motion] to compel arbitration." *Engalla v. Permanente Med. Grp.*, 15 Cal. 4th 951, 980 (Cal. 1997); *see also Lehnhardt v. City of Phoenix*, 105 Ariz. 142, 144 (1969) (damages are not an essential element of a rescission claim based on misrepresentation).

**¶21** On appeal, the renters contend Public Storage induced them to agree to arbitrate any dispute by falsely promising they would each have the only key to their respective storage facilities. To be clear, the rental contracts say the renter shall provide a lock for the unit and shall not provide a key or combination to Public Storage. The Duncan and Roberts rental contracts also say Public Storage will not have "possession, care, custody, or control over [the renters'] stored property." No rental contract states Public Storage will not keep a master key. Nevertheless, the renters argue they were fraudulently induced by statements made outside the express contractual terms. The renters' evidence, however, was limited to the rental contracts, a hyperlink to Public Storage's website containing its only-key promise, and a reference to the criminal case number in the thief's criminal matter. The Duncans also alleged a Public Storage employee repeated the only-key promise while standing outside their unit. But neither the Duncans nor the other renters filed an affidavit or testified about why they agreed to arbitration.

**¶22** The superior court denied Public Storage's motion because it found the entire rental contract was fraudulently induced. The superior court's ruling is inconsistent with the separability doctrine. *See supra* at ¶ 13. Under that doctrine, the only issue before the superior court was whether the arbitration clauses—not the rental contracts as a whole—were fraudulently induced. *See Rent-A-Center*, 561 U.S. at 70 ("a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate"). In short, on a motion to compel arbitration, the doctrine of separability squarely

requires the superior court to consider whether the *arbitration clause*—not the overall contract—is enforceable. *See id.*

**¶23**      Though this court defers to the superior court's factual findings absent clear error, the superior court here made no findings as to what induced the renters to agree to arbitration. The superior court did find "a Master Key that opened the back of each unit was in fact stored in the Manager's Office of Public Storage, as well as an auctioneer code which allowed access to the property and individual storage units." Though the renters did not present direct evidence of a master key, they did reference a criminal case they said included those facts. Nothing in the record suggests the superior court looked at or took judicial notice of that criminal case. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (A court may "take judicial notice of its own records or those of another action tried in the same court.").

**¶24**      The parties dispute why the renters agreed to arbitration, and the superior court must resolve that dispute. *Cf. WB*, 227 Ariz. at 308, ¶ 15 (holding arbitration clause void because undisputed relevant facts supported the defense to arbitration). The renters preserved this argument, but only by the thinnest of margins. The better practice is to submit evidence or to request an evidentiary hearing. *See Ruesga*, 215 Ariz. at 596, ¶ 24 ("[T]he party claiming that there is a dispute of fact regarding arbitrability has the burden of requesting an evidentiary hearing."). We remand this matter to the superior court to determine whether, in making an "only-key promise," Public Storage necessarily represented it would not have a master key, and such representation fraudulently induced each of the renters to agree to arbitration. *See Engalla*, 15 Cal. 4th at 973–81 (remanding, in part, because plaintiffs presented sufficient evidence to establish material factual disputes regarding their fraudulent inducement challenge to an arbitration clause); *see also State v. Cid*, 181 Ariz. 496, 500 (App. 1995) (the "finder-of-fact, not the appellate court, weighs the evidence" and determines credibility).

**¶25**      As discussed above, the superior court must determine on remand whether Public Storage fraudulently induced the renters to agree to arbitration. *See supra* at ¶¶ 13, 24. What induced the renters into entering the entire rental contract is irrelevant to that determination. *See supra* at ¶ 13.

### B.     Unconscionability

**¶26**     We address whether the arbitration clauses are unconscionable because the issue may otherwise recur on remand. Under the separability doctrine, we decline to address whether the entire rental contracts are unconscionable. *See supra* at ¶ 13.

**¶27**     Public Storage maintains the renters "never claimed the Arbitration [Clause] itself was unconscionable." In response, the renters assert that "the contract is so contrary to the provision of storage services . . . it did not reflect any meeting of the minds as to arbitration," meaning the scope of arbitration was left "undefined." We agree with Public Storage.

**¶28**     To begin, the rental contracts did not leave the scope of arbitration undefined. The arbitration clause in each rental contract mandated arbitration would be the forum to resolve "any and all disputes" between the parties. And each arbitration clause specifically covered both negligence and consumer protection claims—the exact claims each renter brought.

**¶29**     The renters identify nine contractual terms outside the arbitration clause they contend rendered the entire rental contract unconscionable. As support, the renters compare those terms to similar contractual terms in *Gonzalez v. A-1 Self Storage, Inc.*, 795 A.2d 885 (N.J. 2000). The renters' reliance on *Gonzalez* is unavailing because that case— though it addressed unconscionability at storage facilities—did not involve an arbitration clause. *See generally id.* As stated above, regardless of whether a challenge to arbitrability is based on fraud or on unconscionability, under the doctrine of separability, the only issue is whether the arbitration clause is enforceable, not whether the remainder of the contract might be enforceable. *See Rent-A-Center*, 561 U.S. at 70 ("a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate").

**¶30**     "Substantive unconscionability concerns the actual terms of the contract," and because separability governs arbitration, the terms of the arbitration clause—standing alone—govern its substantive unconscionability. *See Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 89 (1995); *see also Hilro*, 146 Ariz. at 253. Indeed, this court has recognized substantive unconscionability challenges to arbitration only when grounded on the terms of the arbitration clause itself. *See, e.g., Harrington v. Pulte Home Corp.*, 211 Ariz. 241, 252–53, ¶¶ 42–49 (App. 2005); *Clark v. Renaissance W., LLC*, 232 Ariz. 510, 512–13, ¶¶ 8–13 (App. 2013); *Gullett*, 241 Ariz. at 535–40,

¶¶ 7–25; *Falcone Bros. & Assocs., Inc. v. City of Tucson*, 240 Ariz. 482, 490, ¶ 21 (App. 2016).

**¶31**          In the arbitration context, substantive unconscionability focuses on whether parties can "effectively vindicate [their] rights in the arbitral forum." *Rizzio v. Surpass Senior Living LLC*, 251 Ariz. 413, 417, ¶ 10 (2021); *see also Clark*, 232 Ariz. at 512, ¶ 9 (arbitration agreements may be substantively unconscionable if, for example, "the fees and costs to arbitrate are so excessive as to 'deny a potential litigant the opportunity to vindicate his or her rights'" (quoting *Harrington*, 211 Ariz. at 252, ¶ 43)). The renters have not argued the terms of the arbitration clauses are unconscionable or the arbitral forum will prejudice their claims. The renters, therefore, have not shown the arbitration clauses are substantively unconscionable.

## CONCLUSION

**¶32**          We vacate the superior court's denial of Public Storage's motion to compel arbitration and remand to the superior court to determine, consistent with this decision, whether Public Storage fraudulently induced the renters to agree to the arbitration clauses.

