NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SALLY SCHNEIDER DUNCAN, et al., *Plaintiffs/Appellees*,

*v.*

PUBLIC STORAGE, INC., *Defendant/Appellant*.

No. 1 CA-CV 24-0598

FILED 05-06-2025

Appeal from the Superior Court in Maricopa County
Nos. CV2020-010440, CV2020-010510
The Honorable Stephen F. McCarville, Judge

**VACATED AND REMANDED**

COUNSEL

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Sean P. Healy, Stefan Palys, Kathryn A. Honecker
*Counsel for Defendant/Appellant*

Hagens Berman Sobol Shapiro LLP, Phoenix
By Robert B. Carey, John M. DeStefano, E. Tory Beardsley
*Counsel for Plaintiff/Appellee Tiffany Roberts*

Osborn Maledon P.A., Phoenix
By Geoffrey M.T. Sturr
*Counsel for Plaintiffs/Appellees Sally Schneider and David Duncan*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1          Public Storage, Inc. appeals from the superior court's denial of its motion to compel arbitration after this court, in a previous appeal, ordered the superior court to determine whether Public Storage fraudulently induced renters to agree to arbitration clauses. *Duncan v. Pub. Storage, Inc.* (*Duncan I*), 253 Ariz. 15 (App. 2022). Because the appellees failed to prove the arbitration agreements were fraudulently induced by clear and convincing evidence, we vacate the superior court's order and remand for the appropriate orders consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          In 2018, the two unrelated plaintiffs ("Renters"), Sally Schneider Duncan (whose husband, David Duncan, is also a party in this appeal) and Tiffany Roberts, signed identical storage-unit rental contracts with Public Storage. *Duncan I*, 253 Ariz. at 18, ¶ 2. The contracts included arbitration clauses stating the parties agreed to "arbitrate any and all disputes or claims . . . relating to the relationship between" Renters and Public Storage. *Id.* at ¶ 3. Both contracts also stated the arbitration provision was optional and gave Renters the option to decline the agreement to arbitrate by sending a signed notice within 30 days of signing the rental agreement.

¶3          Later that year, a thief entered the Renters' units and removed their possessions, including furniture, family heirlooms, historical gifts, photo albums, and other belongings. *Duncan I*, 253 Ariz. at 18, ¶ 7. According to Renters, the thief used a "generic auctioneer code" to enter the Public Storage facilities and then unlocked the rear doors to both units using a master key. *Id.* Renters separately sued Public Storage for consumer fraud and negligence, alleging its website had promised prospective renters they would "keep the only key to [their] unit." *Id.* at ¶¶ 5, 8. The superior

court consolidated Renters' cases and heard oral arguments on Public Storage's motion to compel arbitration. *Id.* at ¶ 8. The superior court found that Public Storage met its initial burden by providing the signed arbitration clauses but denied Public Storage's motion to compel, finding that Renters had proved the contract defense of fraudulent inducement.[1] *Id.* at 18-19, 20, ¶¶ 8, 19.

¶4 Public Storage appealed, claiming the superior court misconstrued the separability doctrine. *Duncan I*, 253 Ariz. at 19, ¶¶ 8, 9. We vacated the order, finding that the superior court had misapplied the separability doctrine. *Id.* at 23, ¶ 32. We ordered the court to narrowly analyze whether Public Storage fraudulently induced Renters to agree to the arbitration clauses. *Id.* at 21, 23, ¶¶ 22, 32.

¶5 On remand, the superior court held an evidentiary hearing about the arbitration clauses.[2] Renters each testified they only agreed to the arbitration clauses because of Public Storage's only-key promise. The superior court then issued an order denying Public Storage's motion to compel, finding Public Storage fraudulently induced Renters to agree to the arbitration clauses. Public Storage appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101.01(A)(1).

---

[1] Another renter, Keven Brown, also sued Public Storage arising out of the same theft which was previously consolidated with the Duncans' and Roberts's case. While Brown was a party in the original appeal, the motion to consolidate his case with this case was denied, and so he is not a party to this appeal.

[2] Public Storage later sought special action review of a superior court decision denying its notice of change of judge under Arizona Rule of Civil Procedure 42.1(e). *Pub. Storage, Inc. v. Georgini*, 1 CA-SA 22-0222, 2023 WL 1830384, at *1, ¶¶ 5-6 (Ariz. App. Feb. 9, 2023) (mem. decision). We denied Public Storage relief. *Id.* at ¶ 1. While that case is cited in the parties' briefs, it is not relevant to our analysis here.

## DISCUSSION

### A. We Review the Enforcement of An Arbitration Agreement *De Novo*.

**¶6** Courts have "repeatedly analogized a trial court's duty in ruling on a motion to compel arbitration to its duty in ruling on a motion for a summary judgment." *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 596, ¶ 23 (App. 2007); *Gullet ex rel. Est. of Gullet v. Kindred Nursing Ctrs. W., L.L.C.*, 241 Ariz. 532, 535, ¶ 6 (App. 2017) (The enforceability of an arbitration clause is a mixed question of law and fact.). We review the superior court's denial of a motion to compel arbitration *de novo*. *Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012). But we defer to the superior court on findings of fact unless clearly erroneous. *Austin v. Austin*, 237 Ariz. 201, 204, ¶ 2 (App. 2015).

### B. The Separability Doctrine as Applied to the Arbitration Clause.

**¶7** The general goal of arbitration is to provide an alternative to litigation so the parties can obtain an inexpensive and speedy final disposition. *Hamblen v. Hatch*, 242 Ariz. 483, 491, ¶ 34 (2017). When the parties have agreed to arbitration, they may not later reinstate judicial tribunals to resolve the controversy, as doing so would undermine these fundamental policies. *Id.*

**¶8** To that end, federal and Arizona law applies the separability doctrine to agreements to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Hamblen*, 242 Ariz. at 487, ¶ 16; *see also* A.R.S. §§ 12-1501, -1502 (Arizona courts have limited authority to inquire into the existence or validity of an arbitration agreement, except when it is revocable as a contract would be.). Under the doctrine, a court may only adjudicate a claim for fraud in the inducement "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate." *Prima Paint*, 388 U.S. at 403-04. Thus, if the claim is fraud in the inducement of the arbitration clause itself—an issue that goes to the "making" of the agreement to arbitrate—a court may adjudicate it. But the statutory language does not permit a court to consider claims of fraud in the inducement of the contract—that decision is left to the arbitrator. *See id.*; *see also Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1139-40 (9th Cir. 1991) (A court "may consider a defense of fraud in the inducement of a contract only if the fraud relates specifically to the arbitration clause itself and not to the contract generally."). The United

States Supreme Court first developed this doctrine in *Prima Paint*, and the Arizona Supreme Court later adopted it, relying on support from the Arizona Uniform Arbitration Act and A.R.S. §§ 12-1501 and -1502. *See Hamblen*, 242 Ariz. at 487, ¶ 16.

**¶9** Simply put, a party's challenge to the contract does not invalidate an arbitration clause unless that provision is specifically challenged. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010). But if the arbitration clause is challenged, a court may invalidate it "on a ground that exists at law or in equity for the revocation of a contract." A.R.S. § 12-3006.

**¶10** In *Duncan I*, Renters claimed Public Storage had fraudulently induced them to enter rental contracts. *Duncan I*, 253 Ariz. at 20, ¶ 20. The superior court did not mention what Public Storage did to induce Renters to agree to the arbitration clause. *Id.* at 21, ¶ 23. Even so, we found Renters had preserved the argument by "the thinnest of margins." *Id.* at 21-22, ¶ 24. We ordered the superior court to determine whether the only-key promise "necessarily represented [Public Storage] would not have a master key, and such representation fraudulently induced each of the renters to agree to arbitration." *Id.*

**¶11** A claim of fraudulent inducement requires proof of these elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; [and] (9) the hearer's consequent and proximate injury.

*Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291-92, ¶ 14 (App. 2010). And a party relying on fraudulent inducement must prove it by clear and convincing evidence. *Rice v. Tissaw*, 57 Ariz. 230, 237 (1941).

**¶12** On remand, the superior court denied Public Storage's motion to compel, finding the plaintiffs proved they were falsely induced into agreeing to arbitration by clear and convincing evidence. The superior court analyzed all nine fraudulent inducement elements in its ruling, but Renters argued that the only issue for the superior court to decide was whether they relied on the only-key promise in agreeing to arbitration. As support, Renters cited our statement in *Duncan I* that "[t]he parties dispute

why the renters agreed to arbitration." *Duncan I*, 253 Ariz. at 21, ¶ 24. Renters claimed on remand the only burden Renters bore was proving that the representations were false, Public Storage knowingly made the representations, and Renters detrimentally relied on the representations in agreeing to the arbitration provision. But, read as a whole, our decision supports a different conclusion.

¶13 In *Duncan I*, this court ordered the superior court to determine "whether Public Storage fraudulently *induced* [] renters to agree to *arbitration*." *Duncan I*, 253 at 22, ¶ 25 (emphasis added). We cannot find, nor do Renters point to, any statement in *Duncan I* concluding the element related to the *speaker's intent* was previously satisfied. And given that *Duncan I* stated Renters "preserved this argument [] only by the thinnest of margins," we do not believe this court left such a conclusion to be inferred. *Id.* at 21, ¶ 24. We, therefore, turn our analysis to the remaining elements of fraudulent inducement.

¶14 While the superior court noted the purpose of the evidentiary hearing was to determine whether the arbitration clause, not the contract, was fraudulently induced, its analysis focused solely on the rental contract. For example, the superior court wrote, "the intent of Public Storage was to encourage [Renters] to rent a storage unit from them," and "the promise [of no master key] . . . was material in [Renters'] decision to rent the unit from [Public Storage]." Thus, in our *de novo* review, we look at the record to see if Renters supplied sufficient facts by clear and convincing evidence to support a ruling that Public Storage fraudulently induced Renters to arbitrate. *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 244, ¶ 17 (2024) (An appellate court may affirm the superior court's ruling if it is correct for any apparent reason in the record.).

¶15 Renters failed to prove Public Storage's intent that Renters act on the representation in the manner reasonably contemplated. Renters testified that had they known the only-key promise was false, they would not have agreed to the arbitration agreement specifically. But they failed to show Public Storage made the only-key promise to induce Renters to agree to the arbitration clause. Several key facts show otherwise. The Public Storage salesperson did not mention the arbitration agreement when making the only-key promise or reviewing the contract. And Public Storage allowed Renters to opt out of the arbitration clause without voiding the contract. And Renters point to no evidence that supports an inference that by making the only-key promise, Public Storage intended to induce Renters to agree to the arbitration clause. Renters' claim fails because they must prove this element in a contract rescission action by clear evidence. *See*

*Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1210 (9th Cir. 2012) (Under Arizona law, a party seeking rescission of a contract must prove all nine elements of fraud.); *see also Lundy v. Airtouch Commc'ns, Inc.*, 81 F. Supp. 2d 962, 968 (D. Ariz. 1999); *cf. Lenhardt v. City of Phoenix*, 105 Ariz. 142, 144 (1969). The arbitration clause is enforceable.

## CONCLUSION

**¶16**        The protracted state of litigation has already undermined the general policy of arbitration. *See Hamblen*, 242 Ariz. at 491, ¶ 34. Renters are barred from litigating their claims against Public Storage in the superior court. *See id.* We vacate the superior court's denial of Public Storage's motion to compel arbitration and remand to the superior court to enter the appropriate orders compelling arbitration.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR